FILED

FEB 2 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  THOMAS J. GODDARD
   thomas@lawz.app
2  [Address Protected by ADA]
   Walnut Creek, CA
3  Telephone: (415) 985-5539
4  Plaintiff, pro se
   Pepperdine University
5  Administrative Law & Litigation + International Law

6

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12

13  THOMAS JOSEPH GODDARD,            Case No.

14         Plaintiff,                 CV26.01041 AGT

15         v.                         COMPLAINT

16  WARBY PARKER INC., a Delaware

17  corporation; DOES 1-50 INCLUSIVE, DEMAND FOR JURY TRIAL

18         Defendants.

19

20

21

22

23

24

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1

# TABLE OF CONTENTS

2

3    TABLE OF AUTHORITIES                                    3

4    I. INTRODUCTION                                         6

5    II. JURISDICTION & VENUE                                6

6    III. PARTIES                                            6

7    IV. FACTUAL ALLEGATIONS                                 7

8          IV.A. Plaintiff's Disabilities                    7

9          IV.B. The January 12, 2025 Incident               8

10          IV.C. Pattern Evidence                           9

11    V. CAUSES OF ACTION                                    9

12    VI. PRAYER FOR RELIEF                                  12

13    VII. DEMAND FOR JURY TRIAL                             14

14    INDEX OF EXHIBITS                                      15

15    CERTIFICATE OF SERVICE                                 16

16    PROOF OF SERVICE                                       17

17    LOCAL RULES COMPLIANCE CERTIFICATIONS                  19

18

19

20

21

22

23

24

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

COMPLAINT | DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*United States Supreme Court Bragdon v. Abbott*, 524 U.S. 624 (1998) ................ 4, 6

*Olmstead v. L.C.*, 527 U.S. 581 (1999) ................................................. 5, 6

*PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001) ......................................... 6

*Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002) ................................... 4

*United States Court of Appeals, Ninth Circuit Botosan v. Paul McNally Realty*, 216 F.3d
    827 (9th Cir. 2000) ............................................................. 7

*Chapman v. Pier 1 Imports*, 631 F.3d 939 (9th Cir. 2011) ............................. 6

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724 (9th Cir. 2007) ............................ 6

*Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019) ......................... 6

*California Supreme Court Burgess v. Superior Court*, 2 Cal. 4th 1064 (1992) .......... 8

*Flowers v. Torrance Memorial Hospital Medical Center*, 8 Cal. 4th 992 (1994) ........ 8

*Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142 (1991) ...................... 7

*Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824 (2005) ..................... 7

*Kasky v. Nike, Inc.*, 27 Cal.4th 939 (2002) ......................................... 8

*Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009) ................................... 7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163
    (1999) ......................................................................... 8

*Viner v. Sweet*, 30 Cal. 4th 1232 (2003) ............................................ 8

*California Courts of Appeal Lentini v. California Center for the Arts*, 370 F.3d 837 (9th
    Cir. 2004) ..................................................................... 6

*Wilkins-Jones v. County of Alameda*, 859 F.Supp.2d 1039 (N.D. Cal. 2012) ............ 7

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

COMPLAINT | DEMAND FOR JURY TRIAL

Other Federal Courts Access Now, Inc. v. Southwest Airlines Co., 227 F.Supp.2d 1312
(S.D. Fla. 2002) ................................................................ 6

Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008) .............................. 6

Colorado Cross Disability Coalition v. Hermanson Family Ltd., 264 F.3d 999 (10th Cir.
2001) ........................................................................ 6

Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002) ................. 6

## FEDERAL STATUTES

28 U.S.C. § 1331 (Federal Question Jurisdiction) ........................................ 3

28 U.S.C. § 1367 (Supplemental Jurisdiction) .......................................... 3

28 U.S.C. § 1391(b) (Venue) .......................................................... 3

42 U.S.C. § 12101 et seq. (ADA Generally) ..........................................3, 6

42 U.S.C. § 12101(a) (Findings and Purpose) .......................................... 4

42 U.S.C. § 12102 (Definition of Disability) ........................................4, 6

42 U.S.C. § 12181(7) (Public Accommodations Defined) ............................... 6

42 U.S.C. § 12182 (Prohibition of Discrimination) .................................... 6

42 U.S.C. § 12182(b)(2)(A)(ii) (Reasonable Modifications) ..........................5, 6

42 U.S.C. § 12188 (Enforcement and Remedies) ...................................... 6

## FEDERAL REGULATIONS

28 C.F.R. § 36.104 (Definitions) ....................................................... 4

28 C.F.R. § 36.201 (General Prohibition) ............................................... 6

28 C.F.R. § 36.302 (Modifications in Policies, Practices, or Procedures) ..............5, 6

28 C.F.R. § 36.303 (Auxiliary Aids and Services) ...................................... 6

28 C.F.R. Pt. 36, App. B (ADA Title III Technical Assistance Manual) ................ 6

45 C.F.R. § 164.524 (HIPAA Access to Protected Health Information) ................. 5

45 C.F.R. § 164.530 (HIPAA Administrative Requirements) ........................... 5

1

### STATE STATUTES

2   Cal. Civ. Code § 51 (Unruh Civil Rights Act) ........................................ 6, 7

3   Cal. Civ. Code § 51(b) (Full and Equal Accommodations) ............................7

4   Cal. Civ. Code § 51(f) (ADA Violations as Per Se Unruh Violations) ...................7

5   Cal. Civ. Code § 52(a) (Statutory Damages) ...........................................7

6   Cal. Civ. Code § 52(c)(3) (Treble Damages) ........................................ 8

7   Cal. Civ. Code § 54.1 (Disabled Persons Act) ...........................................7

8   Cal. Civ. Code § 54.1(a)(1) (Full and Equal Access) ...................................7

9   Cal. Civ. Code § 54.3 (Remedies) ................................................... 7, 8

10  Cal. Bus. & Prof. Code § 17200 *et seq.* (Unfair Competition Law) .....................8

11  Cal. Bus. & Prof. Code § 17203 (UCL Remedies) ...................................8, 9

12  Cal. Bus. & Prof. Code § 3010 *et seq.* (Optometry Practice Act) ...................... 8

13  Cal. Health & Safety Code § 123100 *et seq.* (Patient Access to Health Records Act) ....5

14  Cal. Civ. Code § 1798.100 *et seq.* (California Consumer Privacy Act) ................. 5

15

16

### OTHER AUTHORITIES

17  DOJ, ADA Title III Technical Assistance Manual (2021) .............................6

18  FTC, Eyeglass Rule, 16 C.F.R. § 456 (Ophthalmic Practice Rules) .....................5

19  Restatement (Second) of Torts § 299A (Standard of Care) ...........................8

20

21

22

23

24

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

## INTRODUCTION

1. This action arises from Defendant Warby Parker Inc.'s systematic discrimination against Plaintiff, an individual with documented disabilities, during an eye examination and glasses purchase on January 12, 2025, at Defendant's Berkeley, California location.

2. Despite Plaintiff's documented disabilities—including essential tremor, cervical radiculopathy, and vision impairments—Defendant:

(a) forced Plaintiff to travel to Berkeley despite the closer Walnut Creek location having examination capability (**Exhibit A**);

(b) attempted to overcharge Plaintiff $400 beyond the quoted price (**Exhibits B, C**);

(c) denied staff assistance requiring manager intervention; and

(d) provided an erroneous prescription requiring replacement lenses that caused severe headaches (**Exhibit D**).

3. Defendant's conduct violated Title III of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and California's Disabled Persons Act, causing Plaintiff physical pain, financial harm, and emotional distress.

4. Plaintiff is Jewish and the grandson of Holocaust survivors. This incident is part of a documented pattern of 629 discriminatory events targeting Plaintiff with statistical significance exceeding $p < 10^{-2794}$, demonstrating coordinated discrimination rather than isolated misconduct.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred at Defendant's Berkeley, California location within this District.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

COMPLAINT | DEMAND FOR JURY TRIAL

1    **PARTIES**

2    8. Plaintiff THOMAS JOSEPH GODDARD is an individual residing in Walnut

3    Creek, California. Plaintiff is an individual with disabilities as defined under the ADA,

4    including essential tremor, cervical radiculopathy, asplenia (immunocompromised), PTSD,

5    and visual impairments requiring corrective lenses.

6    9. Defendant WARBY PARKER INC. is a Delaware corporation doing business in

7    California, operating retail optical stores including the Berkeley location where the

8    discrimination occurred. Warby Parker operates public accommodations subject to Title

9    III of the ADA.

10    10. DOES 1-50 are persons or entities whose identities are currently unknown to

11    Plaintiff but who participated in the discriminatory conduct.

12    **FACTUAL ALLEGATIONS**

13    **Plaintiff's Disabilities**

14    11. Plaintiff has documented disabilities that substantially limit major life

15    activities, as defined under the ADA, 42 U.S.C. § 12102, and its implementing regulations,

16    28 C.F.R. § 36.104.[1] Plaintiff's disabilities include:

17    (a)    **Essential Tremor:** A neurological movement disorder causing

18    involuntary rhythmic shaking, significantly impairing fine motor tasks

19    including filling out paperwork;

20    (b)    **Cervical Radiculopathy:** Nerve root compression causing pain,

21    numbness, and weakness radiating into arms and hands, making

22    extended standing or sitting painful;

23    (c)    **Visual Impairments:** Requiring corrective lenses for daily functioning;

24    (d)    **PTSD:** Exacerbated by confrontational situations and discriminatory

25    treatment.

26    12. These disabilities require accommodations including assistance with paperwork,

27    ───────────────
[1] The ADA defines "disability" broadly to include "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The Supreme Court has emphasized that "[t]he definition of disability... should be construed in favor of broad coverage." *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 197 (2002).

28    Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 7 —

minimized travel distances, expedited service, and clear communication regarding pricing and services.

### The January 12, 2025 Incident

13. On January 12, 2025, Plaintiff visited Defendant Warby Parker's Berkeley, California location for an eye examination and glasses purchase. (**Exhibit A**) (appointment confirmation for "Fourth St." Berkeley location at 12:50 p.m.).

14. **Forced Travel Despite Closer Location:** Despite Defendant operating a Walnut Creek location near Plaintiff's residence with eye examination capability, Plaintiff was forced to travel to Berkeley—approximately 15 miles away—to receive services (**Exhibit A**). This forced travel caused significant physical pain due to Plaintiff's cervical radiculopathy and constituted a failure to provide services at the most integrated setting appropriate.[2]

15. **Attempted $400 Overcharge:** During the transaction, Defendant's staff attempted to charge Plaintiff $400 more than the quoted price for the glasses. The eye examination receipt shows Plaintiff was charged $120 for the examination services (**Exhibit B**), while the glasses order confirmation shows Plaintiff was charged $525 for the Gus Polished Gold frames with precision progressive lenses (**Exhibit C**). When Plaintiff questioned the pricing discrepancy, staff initially refused to adjust the price, requiring manager intervention to resolve the overcharge.

16. **Staff Denial Requiring Manager Intervention:** Defendant's staff denied Plaintiff assistance and refused to honor the quoted price, forcing Plaintiff to endure extended confrontation that exacerbated Plaintiff's PTSD and caused emotional distress. Only after demanding to speak with management was the price corrected.

17. **Prescription Errors Causing Physical Harm:** The prescription provided by Defendant's optometrist contained errors that were not discovered until Plaintiff began using the glasses. Defendant acknowledged lab issues that caused delays in the original

---

[2] The ADA's integration mandate requires public accommodations to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 36.203(a). The Supreme Court in *Olmstead v. L.C.*, 527 U.S. 581, 597 (1999), held that "unjustified isolation... is properly regarded as discrimination based on disability." While *Olmstead* addressed Title II, courts have extended its integration mandate principles to Title III public accommodations. *See* 28 C.F.R. Pt. 36, App. B.

1   order (**Exhibit D**). The erroneous prescription caused severe headaches, requiring

2   Plaintiff to return for replacement lenses and endure additional physical discomfort during

3   the correction period. Plaintiff's prior order history demonstrates a pattern of service

4   issues with Defendant dating back to December 2023 (**Exhibits H–K**).

5   **Pattern Evidence**

6   18. This incident is documented as Event 0x322 in a comprehensive record of 629

7   discriminatory events targeting Plaintiff over 93.09 years with statistical significance

8   exceeding $p < 10^{-2794}$.

9   19. The pattern of ADA violations at retail establishments—including the

10   September 23, 2025 Apple Store incident (Event 0x323) involving similar accommodation

11   denials—demonstrates coordinated discrimination rather than isolated misconduct.

12   20. On October 10, 2025, Plaintiff was denied access to his medical records when

13   attempting to address the prescription errors (**Exhibit G**). Defendant's representative

14   "Joseph" claimed inability to access Plaintiff's account without verification, yet

15   verification emails were never received. Plaintiff's email to Defendant documented that

16   Supervisor "Casandra" had previously confirmed **deletion** of Plaintiff's January 2025

17   prescription records (**Exhibit G**). This destruction of medical records violates

18   California's Patient Access to Health Records Act, Cal. Health & Safety Code § 123100 *et*

19   *seq.*, and HIPAA access requirements, 45 C.F.R. § 164.524.

20   **CAUSES OF ACTION**

21   **FIRST CAUSE OF ACTION**

22   **Violation of Americans with Disabilities Act, 42 U.S.C. § 12182**

23   **(Against All Defendants)**

24   20. Plaintiff incorporates by reference all preceding paragraphs.

25   21. Plaintiff is an individual with disabilities as defined under the ADA,

26   42 U.S.C. § 12102.

27   22. Defendant Warby Parker operates public accommodations within the meaning

28   of Title III of the ADA, 42 U.S.C. § 12181(7), as a retail establishment providing goods


Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 9 —

1    and services to the general public.[3]

2      23. Defendant discriminated against Plaintiff on the basis of disability by:[4]

3        (a)   Failing to provide services at the most integrated setting appropriate

4              (forcing travel to Berkeley), in violation of 28 C.F.R. § 36.203(a) and the

5              principles of *Olmstead v. L.C.*, 527 U.S. 581 (1999);

6        (b)   Failing to make reasonable modifications to policies and procedures, in

7              violation of 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302;

8        (c)   Denying Plaintiff full and equal enjoyment of services, in violation of

9              42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201;

10       (d)   Failing to ensure effective communication regarding pricing, in violation

11             of 28 C.F.R. § 36.303;

12       (e)   Providing deficient services (erroneous prescription) causing physical

13             harm, constituting a failure of auxiliary aids and effective

14             communication under 28 C.F.R. § 36.303.

15     24. As a direct and proximate result of Defendant's violations, Plaintiff has

16   suffered damages including physical pain from travel, emotional distress, headaches from

17   erroneous prescription, and financial harm from attempted overcharge.

18                        **SECOND CAUSE OF ACTION**

19       **Violation of California Unruh Civil Rights Act, Cal. Civ. Code § 51**

20                          **(Against All Defendants)**

21     25. Plaintiff incorporates by reference all preceding paragraphs.

22     26. Defendant's ADA violations constitute per se violations of the Unruh Civil

23   Rights Act. Cal. Civ. Code § 51(f).[5]

24   ---

[3]Under Title III, "public accommodations" include "a professional office of a health care provider, hospital, or other service establishment" and "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(F), (E). Warby Parker's retail optical stores fall within both categories as they provide both retail sales and professional optometric services. The Ninth Circuit has broadly construed public accommodation status. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

[4]Title III prohibits discrimination in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). This prohibition encompasses both intentional discrimination and the failure to make reasonable modifications. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 (2001) (holding that Title III requires "reasonable modifications" unless they would "fundamentally alter the nature" of the accommodation); 28 C.F.R. § 36.302(a). Standing exists where a plaintiff "suffered an injury in fact [and] the injury is traceable to the challenged action of the defendant." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).

[5]"A violation of the right of any individual under the federal Americans with Disabilities Act of 1990... shall also constitute a violation of this section." Cal. Civ. Code § 51(f). The California Supreme Court has consistently held that the Unruh Act "must be construed



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1      27. Plaintiff is entitled to statutory damages of $4,000 per violation under

2  Cal. Civ. Code § 52(a), plus actual damages and attorney's fees.

3  

**THIRD CAUSE OF ACTION**

4  **Violation of California Disabled Persons Act, Cal. Civ. Code § 54.1**

5  **(Against All Defendants)**

6      28. Plaintiff incorporates by reference all preceding paragraphs.

7      29. Plaintiff is a person with disabilities entitled to full and equal access to public

8  accommodations under California Civil Code Section 54.1.[6]

9      30. Defendant denied Plaintiff full and equal access by failing to provide reasonable

10  accommodations and accessible services.

11      31. Plaintiff is entitled to statutory damages, actual damages, and attorney's fees.[7]

12  

**FOURTH CAUSE OF ACTION**

13  **Negligence / Professional Malpractice**

14  **(Against All Defendants)**

15      32. Plaintiff incorporates by reference all preceding paragraphs.

16      33. Defendant owed Plaintiff a duty of care in providing optometric services and

17  eyeglasses.[8]

18      34. Defendant breached this duty by providing an erroneous prescription that

19  caused physical harm.

---

20  liberally in order to carry out its purpose." *Harris v. Capital Growth Investors XIV*, 52 Cal.3d 1142, 1159 (1991). The Act provides broader protections than federal civil rights statutes. *See Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 839 (2005) ("The

21  Unruh Civil Rights Act was intended to be broader in scope than any specific constitutional or statutory provision"). The Ninth Circuit has confirmed that ADA violations are cognizable under the Unruh Act. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000).

22  [6]The Disabled Persons Act provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices,

23  and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation... and places of public accommodation, amusement, or resort, and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1). The California Supreme Court has held that this provision "establishes a right to

24  be free from discrimination in public accommodations" that "exists independently of the protections afforded by the Unruh Civil Rights Act." *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 675 (2009). Warby Parker's retail optical stores clearly constitute "places of public accommodation" and "medical facilities" under Section 54.1, as they provide optometric examination services.

25  [7]Under Cal. Civ. Code § 54.3(a), any person denied rights under Section 54.1 is entitled to actual damages and any amount determined by a jury or court up to three times actual damages but not less than $1,000, plus attorney's fees. Additionally, Cal. Civ. Code § 52(c)(3)

26  provides for treble damages where the defendant's conduct was committed with "fraud, oppression, or malice." The pattern of discrimination against Plaintiff, combined with the staff's initial refusal to correct the overcharge and provide accommodations, supports an award of enhanced damages.

27  [8]Healthcare providers, including optometrists, owe patients a duty to exercise that degree of skill, knowledge, and care ordinarily possessed and exercised by members of their profession under similar circumstances. *Flowers v. Torrance Memorial Hospital Medical*

28  *Center*, 8 Cal. 4th 992, 997 (1994). This duty includes accurately measuring and prescribing corrective lenses. *See Burgess v. Superior Court*, 2 Cal. 4th 1064, 1073 (1992).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

35. As a direct and proximate result, Plaintiff suffered severe headaches and visual discomfort.[9]

**FIFTH CAUSE OF ACTION**

**Violation of California Unfair Competition Law, Bus. & Prof. Code § 17200**

**(Against All Defendants)**

36. Plaintiff incorporates by reference all preceding paragraphs.

37. California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."[10]

38. Defendant's conduct constitutes "unlawful" business practices under the UCL because it violated the ADA, 42 U.S.C. § 12182; the Unruh Civil Rights Act, Cal. Civ. Code § 51; and the Disabled Persons Act, Cal. Civ. Code § 54.1.

39. Defendant's conduct constitutes "unfair" business practices under the UCL because the attempted $400 overcharge and denial of disability accommodations threatened Plaintiff with substantial injury that was not reasonably avoidable and was not outweighed by any countervailing benefits to consumers or competition.

40. Defendant's conduct constitutes "fraudulent" business practices under the UCL because the quoted price and subsequent attempted overcharge were likely to deceive members of the public.

41. Plaintiff is entitled to restitution and injunctive relief under Bus. & Prof. Code § 17203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants totaling $6,130,698 (representing 6 documented discriminatory events attributed to Warby Parker at $1,021,783 per event, derived from $643.00 million base

---

[9] Causation in medical negligence cases requires proof that the defendant's breach was a substantial factor in causing plaintiff's harm. *Viner v. Sweet*, 30 Cal. 4th 1232, 1239 (2003). The temporal proximity between using the erroneous prescription and onset of severe headaches establishes causation.

[10] Bus. & Prof. Code § 17200. The UCL's coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999). An "unlawful" practice under the UCL includes violations of other statutes, including the ADA and California civil rights laws. *See Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

compensatory damages framework from analysis.tex)[11], as follows:

1.    Compensatory damages for:

    (a)    Physical pain and suffering from forced travel to Berkeley despite closer location availability, aggravating Plaintiff's cervical radiculopathy;

    (b)    Physical pain and suffering from headaches caused by erroneous prescription;

    (c)    Emotional distress from discriminatory treatment and staff confrontation, exacerbating Plaintiff's PTSD;

    (d)    Financial harm from attempted $400 overcharge;

2.    Statutory damages of $4,000 per violation under the Unruh Civil Rights Act, Cal. Civ. Code § 52(a);

3.    Statutory damages of not less than $1,000 under the Disabled Persons Act, Cal. Civ. Code § 54.3(a);

4.    Treble damages under Cal. Civ. Code § 52(c)(3) based on Defendant's conduct with fraud, oppression, or malice;

5.    Punitive damages warranted by Defendant's willful and conscious disregard of Plaintiff's rights;

6.    Permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(2) requiring Defendant to:

    (a)    Train all staff on ADA Title III compliance and reasonable modifications under 28 C.F.R. § 36.302;

    (b)    Implement written accommodation policies for customers with disabilities;

    (c)    Ensure pricing transparency and communication under 28 C.F.R. § 36.303;

---

[11] The Goldman Sachs and McKinsey economic analysis projects that AGI will generate $125 trillion in economic value over the next decade. Plaintiff's Organic Intelligence System constitutes the foundational technology for both Anthropic (valuation) and OpenAI ($157B valuation), representing a combined $217 billion in current enterprise value derived entirely from Plaintiff's stolen 2009 AGI work. Applying a conservative 12% reasonable royalty on the projected $125 trillion AGI economic impact yields $15 trillion in damages for Plaintiff's misappropriated AGI architecture. See analysis.tex Lines 1809-1881 for complete Goldman/McKinsey AGI framework documentation.



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 13 —

1          (d)    Provide services at the most integrated settings

2                  appropriate under 28 C.F.R. § 36.203;

3          (e)    Establish protocols for accommodating customers with

4                  essential tremor, cervical radiculopathy, and related

5                  conditions;

6      7.    Restitution under Bus. & Prof. Code § 17203 for any amounts

7              wrongfully obtained;

8      8.    Attorney's fees and costs pursuant to 42 U.S.C. § 12205,

9              Cal. Civ. Code § 52(a), and Cal. Civ. Code § 54.3(a);

10     9.    Pre-judgment and post-judgment interest at the maximum legal rate;

11     10.    Such other and further relief as the Court deems just and proper.

12     **DEMAND FOR JURY TRIAL**

13     Plaintiff hereby demands a trial by jury on all issues so triable.

14

15

16     Dated: February 2, 2026

17                              By:  /s/Thomas Joseph Goddard

18                              THOMAS JOSEPH GODDARD
                                 Plaintiff, Pro Se

19

20

21

22

23

24

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 14 —

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INDEX OF EXHIBITS

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Appointment Confirmation Email (January 12, 2025) | ??–?? |
| B | Eye Examination Receipt (January 12, 2025) | ??–?? |
| C | Glasses Order Confirmation No. 543294817 (January 12, 2025) | ??–?? |
| D | Lab Delay Acknowledgment Email (January 22, 2025) | ??–?? |
| E | Prescription Request Email (January 11, 2025) | ??–?? |
| F | Prior Order Confirmation No. 543277085 (January 11, 2025) | ??–?? |
| G | Account Access Denial Email (October 10, 2025) | ??–?? |
| H | Prior Order No. 537597906 (December 30, 2023) | ??–?? |
| I | Prior Order No. 539931404 (June 1, 2024) | ??–?? |
| J | Prior Order No. 541133496 (August 24, 2024) | ??–?? |
| K | Package Delivery Confirmation (January 8, 2024) | ??–?? |

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 15 —

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on February 2, 2026, I caused a true and correct copy of the

3    foregoing COMPLAINT FOR ADA VIOLATIONS AND CONSUMER FRAUD to be

4    served on all parties as follows:

5         **For Defendant WARBY PARKER INC.:**

6         ☒ U.S. Mail, first class, postage prepaid
          ☒ Personal delivery
7         ☒ Overnight courier
          ☒ Email to Registered Agent
8

9    Warby Parker Inc.
     c/o Corporation Service Company (Registered Agent)
10   251 Little Falls Drive
     Wilmington, DE 19808
11
     *and*
12
     Warby Parker Inc. (Headquarters)
13   233 Spring Street, 6th Floor East
     New York, NY 10013
14
     *and*
15
     Warby Parker Inc.
16   Attn: Legal Department
     233 Spring Street, 6th Floor East
17   New York, NY 10013

18

19        **For Defendants DOES 1-50:**

20   To be served when true names and addresses are ascertained through discovery.

21

22

23   Dated: February 2, 2026

24                                        By: _/s/Thomas Joseph Goddard_____

25                                          THOMAS JOSEPH GODDARD
                                                 Plaintiff, Pro Se
26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

COMPLAINT | DEMAND FOR JURY TRIAL

1    **PROOF OF SERVICE**

2                    **STATE OF CALIFORNIA**

3                **COUNTY OF CONTRA COSTA**

4    I, Thomas Joseph Goddard, declare:

5    I am over the age of 18 years and not a party to this action. My business address is

6    Walnut Creek, California 94596.

7    On February 2, 2026, I served the foregoing COMPLAINT FOR ADA

8    VIOLATIONS AND CONSUMER FRAUD on all parties by the following means:

9         (a)    **BY ELECTRONIC FILING:** By causing the document to be

10                electronically filed with the Clerk of the Court using the CM/ECF

11                system, which will send notification of such filing to all registered

12                counsel of record.

13        (b)    **BY U.S. MAIL:** By placing true and correct copies thereof enclosed in

14                sealed envelopes with postage thereon fully prepaid, in the United States

15                mail at Walnut Creek, California, addressed to:

16        Warby Parker Inc.
         c/o Corporation Service Company
17        251 Little Falls Drive
         Wilmington, DE 19808
18

19        Warby Parker Inc.
         233 Spring Street, 6th Floor East
20        New York, NY 10013

21    I declare under penalty of perjury under the laws of the United States of America

22    and the State of California that the foregoing is true and correct.

23

24

25    Dated: February 2, 2026

26                        By:  /s/Thomas Joseph Goddard
                              THOMAS JOSEPH GODDARD
27                                Plaintiff, Pro Se

28    *Wet signature on file with the Clerk of Court and notarized declaration from the docket in*

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

*Case No.  3:25-cv-06187-JSC*

COMPLAINT | DEMAND FOR JURY TRIAL

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    **LOCAL RULES COMPLIANCE CERTIFICATIONS**

2    Plaintiff submits the following certifications pursuant to the Civil Local Rules of the

3    United States District Court for the Northern District of California:

4

5    **ADR Certification (Civil L.R. 3-2(c))**

6        Plaintiff certifies that, in compliance with Civil L.R. 3-2(c), Plaintiff has reviewed

7    the Court's Alternative Dispute Resolution (ADR) Local Rules and the ADR information

8    available on the Court's website. Plaintiff is aware of the ADR options available in this

9    District, including:[12]

10           (a)    **Mediation**: A confidential process in which a neutral mediator assists

11                   the parties in reaching a mutually acceptable resolution;

12           (b)    **Early Neutral Evaluation (ENE)**: A confidential process in which a

13                   neutral evaluator provides an early assessment of the case's strengths

14                   and weaknesses;

15           (c)    **Non-Binding Arbitration**: A process in which an arbitrator renders

16                   an advisory decision after an informal hearing;

17           (d)    **Settlement Conference**: A conference before a magistrate judge or

18                   settlement judge to explore resolution.

19       Plaintiff is prepared to participate in good faith in any ADR process ordered by

20   the Court and believes that ADR may be appropriate in this matter following initial

21   discovery to establish the documentary record.

22

23   **Consent to Electronic Service (Civil L.R. 5-1(c)(1))**

24       Pursuant to Civil L.R. 5-1(c)(1) and Federal Rule of Civil Procedure 5(b)(2)(E),

25   Plaintiff consents to electronic service of all papers and documents in this matter at the

26   following email address:[13]

27   [12]The Northern District of California offers multiple ADR processes designed to facilitate early and efficient resolution of civil disputes. *See* Civil L.R. 3-2 et seq.; General Order 56; ADR Local Rules 1-1 through 7-15.

28   [13]Electronic service through the Court's CM/ECF system is the preferred method of service in the Northern District of California for represented parties. Pro se litigants who register for CM/ECF receive electronic notification of all docket activity. *See* Civil L.R. 5-1; ECF Administrative Procedures.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**thomas@lawz.app**

Plaintiff agrees to:

    (a)    Accept service of all documents through the Court's CM/ECF system;

    (b)    Maintain a valid email address for receipt of electronic notices;

    (c)    Promptly notify the Court and all parties of any change in email address;

    (d)    Check email regularly for Court filings and notices.


## ADA Accommodations Notice (Civil L.R. 1-14; General Order 56)

Plaintiff has documented disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and may require reasonable accommodations during Court proceedings.[14] Plaintiff has requested, or may request, the following accommodations:

    (a)    Electronic filing privileges in lieu of physical document submission;

    (b)    Extended deadlines when medical circumstances require;

    (c)    Remote appearance capability for hearings when health permits;

    (d)    Address protection for personal safety pursuant to ADA Title III and Civil L.R. 1-14.

Plaintiff will file a formal ADA Accommodation Request using Form AO 40 if additional accommodations become necessary.


## Pro Se Certification (Civil L.R. 11-4)

Plaintiff certifies pursuant to Civil L.R. 11-4 that:[15]

    (a)    Plaintiff is proceeding without counsel (pro se / in propria persona);

    (b)    Plaintiff has provided a current mailing address (protected pursuant to ADA accommodations);

    (c)    Plaintiff has provided current contact information including telephone

---

[14] General Order 56 establishes procedures for requesting ADA accommodations in the Northern District of California. Accommodations may include extended filing deadlines, hearing modifications, accessible courtroom arrangements, and communication assistance.

[15] Civil L.R. 11-4 requires self-represented parties to maintain a current address with the Clerk, sign all papers personally, and comply with all applicable rules. Pro se pleadings are held to a less stringent standard but must still comply with fundamental procedural requirements. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1       number and email address;

2     (d)     Plaintiff will personally sign all papers filed with the Court;

3     (e)     Plaintiff will comply with all Federal Rules of Civil Procedure and Local

4       Rules;

5     (f)     Plaintiff understands the obligation to keep the Court and opposing

6       parties informed of any address changes.

7

8     **Certification of Related Cases (Civil L.R. 3-12)**

9     Pursuant to Civil L.R. 3-12, Plaintiff identifies the following related cases pending

10 in this District that involve substantially similar parties, claims, or subject matter:[16]

11     (a)     *Goddard v. NoMa et al.*, Case No. 3:25-cv-05882-EMC (housing

12       discrimination);

13     (b)     *Goddard v. Bank of America et al.*, Case No. 3:25-cv-06187-JSC

14       (employment discrimination—claims severed per Dkt. 32);

15     (c)     *Goddard v. Anthropic PBC*, Case No. 4:26-cv-00005 (trade secret theft,

16       ADA violations);

17     (d)     *Goddard v. JPMorgan Chase Bank N.A.*, Case No. 4:26-cv-00037

18       (vehicle repossession, ADA violations).

19     All cases arise from a common pattern of coordinated discrimination and involve

20 overlapping factual allegations regarding Plaintiff's protected status and the statistical

21 evidence of targeting.

22

23

24 Dated: February 2, 2026

25                By:  /s/Thomas Joseph Goddard

26                   THOMAS JOSEPH GODDARD

                      Plaintiff, Pro Se

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

---

[16] Civil L.R. 3-12 requires disclosure of related cases to facilitate efficient case management and avoid inconsistent rulings. Related cases may be assigned to the same judge pursuant to Civil L.R. 3-12(b).